IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EFREN MARCOS, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE NAVY, CARLOS DEL TORO, in his official capacity as the Secretary of the Navy, ET AL., <br><br> Defendants. | CIV. NO. 22-00418 JMS-KJM <br><br> ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, ECF NO. 30 |

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, ECF NO. 30

On August 3, 2023, Defendant United States Department of the Navy, Carlos Del Toro ("Defendant") filed a Motion to Dismiss Plaintiff's First Amended Complaint Filed February 16, 2023 ("Motion"). ECF No. 30. The Motion is currently set for hearing on October 16, 2023. Upon review of the Motion and the Opposition, ECF No. 32—deciding the Motion without a hearing under Local Rule 7.1(c) and without the need to consider a Reply—the court DENIES the Motion without prejudice and VACATES the October 16, 2023, hearing.

The Motion is procedurally improper for several reasons. Initially, Defendant brings his Motion under Federal Rule of Civil Procedure 12(b)(1),

arguing that—because Plaintiff Efren Marcos, Jr. ("Plaintiff") failed to timely exhaust administrative remedies as required by Title VII and 29 C.F.R. § 1614.105(a)—the court lacks subject matter jurisdiction. *See* ECF No. 30-1 at PageID.113–14. But the Supreme Court confirmed in 2019 that Title VII's charge-filing requirements are mandatory claim-processing rules, *not* jurisdictional prerequisites. *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. ___, 139 S. Ct. 1843, 1851–52 (2019). Subsequently, courts have confirmed that *Fort Bend* applies equally to claims against the federal government. *See, e.g.*, *Minamoto v. Harker*, 2021 WL 1618456, at *6 (D. Haw. Apr. 26, 2012) ("The Government argues that *Fort Bend* should not be extended to claims involving federal employees because of the United States' sovereign immunity. This argument has been directly rejected by numerous district courts who have been confronted with this issue.") (citing cases); *see also Williams v. Wolf*, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019) (also rejecting argument that *Fort Bend* does not apply to Title VII actions against federal employees). Accordingly, the instant Motion cannot be brought under Rule 12(b)(1) for lack of subject matter jurisdiction.[1]

---

[1] In its Motion, the government relies in part on *Sommatino v. United States*, 255 F.3d 704 (9th Cir. 2001), which stated that "substantial compliance with the presentment requirement of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." *Id.* at 708. *Minamoto* confirmed that, in this regard, *Sommatino* "is no longer good law in light of *Fort Bend*." 2021 WL 1618456, at *6 (quoting *Williams*, 2019 WL 6311381, at *6).

Further, the Ninth Circuit clarified in 2014 that—at least as to a failure to exhaust under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")—exhaustion of non-judicial remedies should be addressed in a motion for summary judgment, not in an "unenumerated" Rule 12(b) motion. *See Albino v. Baca*, 747 F.3d 1162, 1169–71 (9th Cir. 2014) (en banc). Only "in those rare cases where a failure to exhaust is clear from the face of the complaint," would a Rule 12(b)(6)—not a 12(b)(1)—motion be appropriate. *Albino*, 747 F.3d at 1169. *Albino* explains the basic procedure for addressing exhaustion of administrative remedies "under which a party may move for summary judgment on the exhaustion question, followed, if necessary, by a decision by the court on disputed question of material fact relevant to exhaustion." *Id.* at 1171.

Likewise, cases which explain that challenges based on a failure to exhaust administrative remedies should first be brought under Rule 12(b)(6), also conclude that—if a failure to exhaust is not clear from a complaint's face, and if evidence beyond the complaint's allegations is considered—a motion to dismiss is inappropriate, and it must be treated as a summary judgment motion. *See, e.g.*, *Vasquez v. Kiewit Infrastructure W., Co.*, 2020 WL 2842671, at *6 (D. Haw. June 1, 2020) ("The inquiry about administrative exhaustion requires a detailed examination of fact . . . and such an inquiry is not suitable for review in a 12(b)(6) motion."); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters

outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . .").

Although *Albino* addressed exhaustion under the PLRA, the Ninth Circuit extended that holding to other contexts as well.  *See* 747 F.3d at 1171 ("In light of the decision of our sister circuits, and of our decision in this case, we believe that the basic procedure outlined here . . . is appropriate in these other contexts as well."); *see also, e.g.*, *Avila v. Sheet Metal Workers Loc. Union No. 293*, 400 F. Supp. 3d 1044, 1059 (D. Haw. 2019) (applying to LMRA claims); *Tagbaddor v. Holder*, 156 F. Supp. 3d 1076, 1080 (C.D. Cal. 2015) (applying to Title VII claims).

Moreover, it is clear that the instant case (i.e., *Marcos v. Del Toro*) is not a "rare case[] where a failure to exhaust is clear from the face of the complaint," *Albino*, 747 F.3d at 1169, because this action encompasses the very question at issue—i.e., whether Plaintiff "exhibit[ed] an intent to begin the EEO process" when initiating contact with an EEO counsel within the meaning of 29 C.F.R. § 1614.105(a).  *See Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1044 (9th Cir. 2009).  Indeed, *Albino* reasoned that "a plaintiff is not required to say anything about exhaustion in his complaint," because "failure to exhaust is an affirmative defense."  747 F.3d at 1169 (applying *Jones v. Bock*, 549 U.S. 199, 216 (2007) ("[I]nmates are not required to specially

4

plead or demonstrate exhaustion in their complaints [under the PLRA].")). *See also Kraus*, 572 F.3d at 1046 n.7 ("Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies 'is an affirmative defense, so the defendant bears the burden of pleading and proving it.'") (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (brackets omitted)); *Hardaway v. Hartford Public Works Dep't*, 879 F.3d 486, 490–91 (10th Cir. 2018) (holding that administrative exhaustion under Title VII is an affirmative defense that an employee was not required to plead) (relying in part on *Jones v. Bock*).

Moreover, Defendant's Motion is improper for a related reason—it wrongly relies in part on allegations that Plaintiff made in his original complaint (which was filed when he was pro se). *See, e.g.*, ECF No. 30-1 at PageID.117. But "it is well-established in [the Ninth Circuit] that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d at 896 (9th Cir. 2012)). "In other words, 'the original pleading no longer performs any function.'" *Id.* (quoting *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992)).

Finally, even if the court could construe this Motion to Dismiss as a Motion for Summary Judgment, Rule 12(d) provides that "[a]ll parties must be

5

given a reasonable opportunity to present all material that is pertinent to the motion."  Under that standard, neither party has been given a full opportunity to address the administrative exhaustion issues.  The record is simply insufficient for the court to decide the exhaustion question at the current stage.

Accordingly, Defendant's Motion to Dismiss is DENIED without prejudice to Defendant re-filing a motion—following proper procedures—raising the defense of failure to timely exhaust administrative remedies.  Such a motion must be based on an appropriate evidentiary record, likely applying summary judgment principles.

IT IS SO ORDERED.

DATED:  September 26, 2023, Honolulu, Hawaii.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Marcos v. Del Toro, et al.*, Civ. No. 22-00418 JMS-KJM, Order Denying Without Prejudice Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 30